IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,865-01, 74,865-02 & 74,865-03






EX PARTE TENNER REX HICKMAN, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 04-6-7037, 04-9-7101 & 04-9-7100 

IN THE 24TH DISTRICT COURT

FROM JACKSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was
convicted of aggravated perjury and two charges of bail jumping and failure to appear. He was
sentenced to twenty years' imprisonment on each charge, all of which were ordered to run
consecutive to a prior Jackson County conviction. He did not appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance that made
his guilty pleas involuntary. Applicant contends that counsel was ineffective because he advised
Applicant that his sentences would run concurrent with a federal sentence that he was serving at the
time of his guilty pleas. Applicant also contends that counsel did not advise applicant that his
sentences could be ordered to run consecutive to other Texas sentences. Additionally, Applicant
contends that counsel did not advise him about his rights to appeal or any waiver of appeal that
would be required by a guilty plea. Applicant also contends that counsel, who was retained to
represent him on a prior case, told him that he did not represent him in these cases but did not
request appointment of counsel for applicant. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The habeas
record contains no plea agreement paperwork, no response from the State, no response from counsel,
and no findings or conclusions from the trial court. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall obtain an answer from
Applicant's trial counsel, responding to Applicant's claims of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. 
Specifically, the trial court shall determine whether applicant was advised that his sentences in these
causes would run concurrently with his federal sentence. If counsel advised him that the sentences
would run concurrently with the federal sentence, the trial court shall make findings as to how
applicant's sentences are being calculated and whether they are running concurrently with his federal
sentence. The trial court shall also make specific findings as to whether counsel advised Applicant
of his appellate rights, whether counsel advised him that his sentences could be ordered to run
consecutive to other sentences, and whether counsel told Applicant that he "no longer represented
him in this case and that any function performed on his behalf was merely a professional courtesy"
to the District Attorney. If the trial court finds that counsel made this representation, the court shall
make specific findings as to whether applicant was deprived the right to counsel during these
proceedings. The docket sheets suggest that the "plea memorandum" contained applicant's "waivers
of rights" and the court's admonishments. If the court finds that counsel did not advise applicant of
his appellate rights and any necessary waivers of those rights, the court shall make findings as to
whether applicant was admonished by the court under Article 26.13 of the Code of Criminal
Procedure. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, any
and all documents relating to any plea agreements, and any other court documents necessary to the
disposition of the applications, shall be returned to this Court within 120 days of the date of this
order. Any extensions of time shall be obtained from this Court. 



Filed: November 24, 2010

Do not publish